Benjamin Josephson v. Commissioner.
Josephson v. Commissioner
Docket No. 9990.
United States Tax Court
1947 Tax Ct. Memo LEXIS 169; 6 T.C.M. (CCH) 788; T.C.M. (RIA) 47186; June 25, 1947
Morris Shilensky, Esq., and Julian G. Culver, Esq., for the petitioner. Rigmor O. Carlsen, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $8,558.04 in the income tax of the petitioner for the calendar year 1941. The Commissioner, in determining the deficiency, held: "In accordance with Section 19.22(a)-3 of Regulations 103 common stock of a value of $20,000 received in consideration of past services rendered is included in taxable income." One issue for decision is whether he erred in that holding. Another issue is whether the Commissioner erred in holding that the petitioner received $2,951.10 as salary from Josephson Manufacturing Corporation. The petitioner *170 concedes that an amount of $6,866.88 was properly added to his income as salary, and also that an additional amount of $2,600 should be added to his income as claimed by the respondent in his answer. Findings of Fact The petitioner, an individual, filed his income tax return for 1941 with the collector of internal revenue for the second district of New York. He filed his returns on a cash basis. He was at all times material hereto president and sole stockholder of Josephson Manufacturing Corporation, hereinafter called the corporation. It was incorporated in 1924 for the purpose of carrying on the manufacture of stationers' supplies, and was authorized to issue capital stock in the amount of $5,000 consisting of 50 shares, each having a par value of $100. The corporation, at all times material hereto, made its returns and kept its books upon an accrual basis. The books of the corporation indicate that on January 1, 1941, there was due and owing to the petitioner $29,825.74 for salary accrued in prior years but not paid. The balance in the account was increased during the year by a credit of $1,493.42, and was reduced during the year by debits of $9,817.98. The amount just mentioned *171 was separate from salary withdrawn by the petitioner during 1941 and reported on his return. The amount of $9,817.98 was not included in income by the petitioner on his return for 1941. The petitioner concedes that $6,866.88 thereof should have been included. The remaining $2,951.10 was debited to accrued officers' salaries on May 30th, and a journal entry was made under that same date showing a debit of that amount to the officers' salaries account and a credit of a similar amount to "B. Josephson - Cr. C. Acct." An account entitled "Benjamin Josephson - Cooke & Cobb a/c" was credited with that same amount under that same date. Minutes of a meeting of the stockholders, and also minutes of a meeting of the directors of the corporation held on December 14, 1940, state that the corporation accepts the offer of Benjamin Josephson to forgive the indebtedness of about $30,000 shown on the corporate books as salary due to him. The corporation, pursuant to authority obtained, increased its capital stock on April 29, 1941, from 50 shares to 500 [250] shares, each having a par value of $100. Minutes of a meeting of the board of directors of the corporation, held on May 3, 1941, show the *172 adoption of a resolution "that a dividend payable in the common stock of the Josephson Manufacturing Corporation be declared and paid to the stockholders of record as of the 31st day of December, 1940, in proportion to their then common stock holdings." No amount or quantity appears. Two hundred shares of stock of the corporation were issued to the petitioner in 1941. The account showing salary accrued to the petitioner was debited with $20,000 under date of December 31, 1941, and a similar amount was credited to capital stock. Opinion MURDOCK, Judge: The corporation apparently deducted salaries to the petitioner on an accrual basis which exceeded the amounts which the petitioner reported on a cash basis for a number of years prior to 1941. The difference amounted to $29,825.74. The petitioner claims that he forgave that indebtedness during the taxable year but his bookkeeper failed to record the transaction on the books. He also contends that he received a stock dividend of 200 shares of the stock of the corporation during 1941 which was erroneously recorded in the accrued salary account. The Commissioner claims that the procedure of this corporation was full of sham and *173 in many instances was for the purpose of tax avoidance. He contends that there was no forgiveness or dividend and the 200 shares of stock were issued in payment of salary. If all of the contentions of the Commissioner were fully supported by the facts, nevertheless, the petitioner would still not have been in receipt of $20,000 of taxable income through the receipt of $20,000 par value of common stock. He was the sole stockholder of the corporation regardless of whether he owned 50 shares or 250 shares. His wealth was not increased by the issuance of the 200 additional shares. The issuance of such shares to him did not constitute income to him within the meaning of the Sixteenth Amendment to the Constitution, regardless of whether it was a stock dividend or for salary. Eisner v. Macomber, 252 U.S. 189. The Commissioner also contends that the item of $2,951.10 referred to in the findings of fact, represents income to the petitioner for 1941. That amount was withdrawn from his salary account for 1941 and credited to another account. The petitioner contends that the item represents salary which he received from the corporation in 1940 and failed to report because the *174 item was erroneously credited to a loan account rather than to a salary account and the error was discovered in 1941 at which time reversing entries were made. The books fail to support fully this contention of the petitioner. His counsel, by means of extremely leading questions, had the petitioner say "yes" or "no" to bring out the supposed errors and correction. The petitioner insisted at other points in the record that he was not familiar with the books. The record as a whole does not show that the Commissioner erred in including this amount in the petitioner's income for 1941. Decision will be entered under Rule 50.